The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Stanback and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence or receive further evidence. However, they have shown good ground to amend the Opinion and Award, particularly insofar as it reflects an incorrect average weekly wage and compensation rate.
***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing, and in a Pre-Trial Agreement dated February 12, 1996, as
STIPULATIONS
1. All parties are properly before the N.C. Industrial Commission, and the Commission has jurisdiction of the parties and the subject matter.
2. At the time of plaintiff's injury giving rise to this claim, March 20, 1995, the parties were subject to and bound by the North Carolina Workers' Compensation Act.
3. At that time, an employment relationship existed between the plaintiff and defendant-employer.
4. The defendant-employer was insured, and the Erie Insurance Group was the compensation carrier on the risk.
***********
Based upon all of the competent evidence adduced at the hearing, the undersigned make the following additional
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was 34 years of age and was employed in the pre-cut department with Ford's Produce. Plaintiff's job duties included preparing, peeling and cutting vegetables and cleaning the work area. Plaintiff completed the twelfth grade of education and had training on Lotus computer programming, data entry and cash accounting.
2. At the time plaintiff was employed by defendant-employer, the defendant-employer was aware of plaintiff's work restrictions with respect to her back, including no heavy lifting and part-time hours only due to injuries suffered in an automobile accident in December 1991. In order to accommodate plaintiff's lifting restrictions, defendant-employer provided assistance to plaintiff in lifting heavy boxes of vegetables.
3. On March 20, 1995, plaintiff suffered an injury by accident and specific traumatic incident during the course and scope of her employment, resulting in injury to her neck, back, and shoulders when, after asking for and waiting for her usual assistance in lifting boxes, plaintiff attempted to lift a box of lettuce weighing 30 to 40 pounds when she felt her neck crack and pain in her middle back down to her feet.
4. Plaintiff reported the incident to Diane Elliot, assistant floor supervisor, and to Delmar Evans, floor supervisor for the pre-cut employees. Plaintiff continued working that day and completed her shift.
5. On March 21, 1995, plaintiff called into work and spoke with Vaughn Ford, manager for defendant-employer, and reported the incident of March 20, 1995 and requested medical assistance, but was told there was nothing he could do.
6. Plaintiff reported to work on March 22, 1995 and continued working for defendant-employer through April 6, 1995. On the same date plaintiff was sent to Doctor's Urgent Care, where she was examined by Dr. Sweitzer. Plaintiff was given a ten-pound lifting restriction and sent back to work.
7. Plaintiff reported for work on April 7, 1995 with her doctor's note, but was not allowed to work unless she signed a statement to the effect that she could lift ten pounds without hurting. Plaintiff was not willing to sign such a statement, and as a result was sent home by Vaughn Ford. Plaintiff continued to report for work with defendant-employer every day, and each day she was sent back home. Finally on April 28, 1995, plaintiff was fired from her job.
8. The defendants would not provide authorization for medical care, so plaintiff sought medical treatment from Dr. Ibrahim Odeh on May 16, 1995. Dr. Odeh causally related plaintiff's lower back, shoulder and neck pain to her on-the-job injury of March 20, 1995 and also kept plaintiff out of work due to her disabling pain. Plaintiff continued treating with Dr. Odeh until February 1996.
9. Plaintiff continued to experience debilitating back pain so she sought additional relief from Dr. Timothy Holcomb, a chiropractor. Dr. Holcomb also causally related plaintiff's condition to the injuries she sustained at work on March 20, 1995. His opinion was that plaintiff was unable to engage in gainful employment during his course of treatment with her and would continue being disabled from working beyond September 22, 1995, when he released her from his care.
10. Since April 7, 1995, plaintiff has not returned to work for defendant-employer or in any other employment.
11. Due to injuries sustained in the specific traumatic incident of March 20, 1995, from and after April 7, 1995, plaintiff has been unable to earn the same or greater wages as she earned before her injuries, in working with defendant-employer or in any other employment. Her employer essentially did not offer work to her which was suitable to her capacity during the healing period.
12. According to the Form 22 stipulated into evidence by the parties (Stipulated Exhibit #1), plaintiff's average weekly wage was $249.92, yielding a compensation rate of $166.62.
13. At the time of the hearing, plaintiff was still experiencing pain in the injured areas and was having difficulty completing household chores. She had not reached maximum medical improvement as of that date.
***********
The foregoing findings of fact and conclusions of law engender the following additional
CONCLUSIONS OF LAW
1. On March 20, 1995, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer and a specific traumatic incident of the work assigned to her neck, back and shoulders. G.S. § 97-2 (6).
2. As a direct and proximate result of plaintiff's work-related injury by accident on March 20, 1995, plaintiff sustained an injury to her neck, back and shoulders, and requires further medical treatment and supplies. G.S. § 97-25.
3. Plaintiff's average weekly wage was $249.92 yielding a compensation rate of $166.62 per week. G.S. § 97-2 (5).
4. Plaintiff is entitled to compensation for temporary total disability at the rate of $166.62 per week from April 7, 1995 through the date of hearing on February 21, 1996 and continuing thereafter for as long as she remained so disabled. G.S. § 97-29.
5. The defendants shall provide plaintiff medical, surgical, hospital, nursing services, medicines, sick travel, and other treatment, including medical and surgical supplies as may be reasonably required to effect a cure or give relief since her last date of work with defendant-employer on April 6, 1995. G.S. § 97-25.
6. As a result of her compensable injury on March 20, 1995, plaintiff is entitled to receive vocational rehabilitation services to assist plaintiff in returning to productive employment, when plaintiff has reached maximum medical improvement and is released by her treating physician to return to work. G.S. § 97-25.
***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following
AWARD
1. Defendants shall pay compensation to plaintiff for temporary total disability at the rate of $166.62 per week from April 7, 1995 through February 21, 1996 and continuing thereafter for as long as she remained so disabled. Amounts which have accrued shall be paid to plaintiff in a lump sum, subject to a reasonable attorney fee, approved below.
2. A reasonable attorney fee in the amount of twenty-five percent of the compensation due plaintiff under Paragraph 1 of this AWARD is approved for plaintiff's counsel. He shall receive twenty-five percent of the accrued compensation and thereafter every fourth check.
3. Defendants shall pay all medical expenses incurred by plaintiff as a result of this injury by accident.
4. If now appropriate, defendants shall provide and plaintiff shall accept vocational rehabilitation services to assist plaintiff in returning to productive employment when plaintiff has reached maximum medical improvement, and is released by her treating physician to return to work.
5. Defendants shall bear the costs.
This the _____ day of August, 1997.
 S/ _______________ MORGAN S. CHAPMAN DEPUTY COMMISSIONER
CONCURRING:
S/ _______________ J. HOWARD BUNN, JR. CHAIRMAN
S/ _______________ COY M. VANCE COMMISSIONER
MSC:ib